**DOUGLAS AIRCRAFT CO.**

v.

**UNITED STATES.**

**C.D. 4498; Court No. R70/4122–4203.**

United States Customs Court.

Jan. 28, 1974.

Glad, Tuttle & White, San Francisco, Cal. (Edward N. Glad, San Francisco, Cal., of counsel), for plaintiff.

Irving Jaffe, Acting Asst. Atty. Gen. (Bernard J. Babb, trial atty., New York City), for defendant.

OPINION AND ORDER ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

WATSON, Judge:

This case involves a portion of an airplane which was sent out of the United States for further processing in Canada and then imported. The district director at the port of Detroit found the value of the processing subject to duty to be $285,552 net packed pursuant to item

806.30 of the Tariff Schedules of the United States in conjunction with headnote 2 of schedule 8, part 1, subpart B of said tariff schedules.[1] Included within the $285,552 assessed value of processing was the amount of $49,972 as the pro-rata share of Canadian made tooling furnished to the Canadian processor by the importer.

Plaintiff claims the cost of the tooling should not be included in the appraised value of the processing of the imported merchandise.

Defendant has moved for judgment on the pleadings pursuant to rule 4.9 of the rules of this court asserting that, even if the allegations of plaintiff's complaint are accepted as true, defendant should prevail as a matter of law. Defendant bases its assertion on its view that the costs of tooling are, as a matter of law, properly included in the costs of processing under the aforementioned headnote 2.

Plaintiff has cross-moved for summary judgment asserting that there are no issues of fact in this case and the cost of processing under the statute and case law does not include the cost of tooling.

After reviewing the pleadings, statutes and case law, I am led to conclude that plaintiff's position is correct in this matter. For this reason, it is appropriate to deny defendant's motion for judgment on the pleadings and grant plaintiff's cross-motion for summary judgment.

I consider the circumstances in this case to be directly analogous to those in so-called "separable" appraisements, which involve situations where a single element of the appraised value is isolated and placed in issue. Frequently, this element is an amount claimed to be a buying commission. Here it is an amount attributed to tooling. In either event the sole question is the propriety of including the disputed separable amount in the appraised value and the outcome is either the reduction of the appraised value to the undisputed amount or the retention of the disputed amount in the appraised value.

Here the disputed amount is $49,972 for tooling which the importer evidently furnished to the processor to enable it to perform the required processing. The disputed amount was isolated by an interrogatory directed to defendant which reads as follows:

> Please state the amount of the pro-rata share of Canadian made tooling furnished to the Canadian processor which was included in the value of the processing as found by the District Director for the merchandise covered by the above entitled appeal for reappraisement.

The undisputed facts in this case are that an amount for tooling supplied by the importer was included in the appraised value of the importation. This leaves only the legal question of whether this inclusion was proper.

In light of the decision in National Tube Company v. United States, 28 Cust.Ct. 603, Reap.Dec. 8107 (1952), and in keeping with my own understand-

---

1. Item 806.30:
    Any article of metal (except precious metal) manufactured in the United States or subjected to a process of manufacture in the United States, if exported for further processing, and if the exported article as processed outside the United States, or the article which results from the processing outside the United States, is returned to the United States for further processing. . . . A duty upon the value of such processing outside the United States (see headnote 2 of this subpart)
    Headnote 2 of schedule 8, part 1, subpart B:
    2. *Articles repaired, altered, processed, or otherwise changed in condition abroad.*—The following provisions apply only to items 806.-10, 806.20 and 806.30:
    (a) The value of repairs, alterations, processing, or other change in condition outside the United States shall be—
    (i) the cost to the importer of such change; or
    (ii) if no charge is made, the value of such change, as set out in the invoice and entry papers; except that, if the appraiser concludes that the amount so set out does not represent a reasonable cost or value, then the value of the change shall be determined in accordance with section 402 or 402a of this Act.

ing on the subject, I conclude that the cost of tooling ought not to be included in the value of processing.

In the *National Tube* case, in a fact situation virtually indistinguishable from that herein, the appellate term of this court held that tooling supplied to a foreign processor for the purpose of making alterations was not part of the value of the alterations under paragraph 1615(g) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938. There the importer supplied specially designed gripping jaws to the foreign processor to enable it to utilize its stretching machine on the importer's pipes. A charge for the use of the stretching machine was made in that instance and the court referred to the charge alone as entering into the value of the alteration. The court reasoned as follows:

> * * * Clearly, the value of the stretching machine owned by the Aluminum Co. of Canada or the value of any parts specially supplied therefor, in order to adapt such machine to undertake the alteration for which the casings were shipped to Canada, does not bear any relation to the value of the repairs or alterations. However, a charge for the use of the stretching machine, which would necessarily include a charge for the installation and use of the parts specially designed to hold the casing while being stretched, would enter into such value. * * * It would be inconsistent for the court to hold that the grip jaws with accessories and the aluminum plugs specially supplied for use upon the stretching machine were a part of the value of the alterations without holding that the stretching machine itself was also a part of such value, inasmuch as both the machine and the parts equally entered into the operation of stretching the pipe. One might go so far along such line of reasoning as to consider that the factory building in which the machine was housed also entered into the value of the stretching machine. All that could possibly become a part

of the value of the altered goods would be a charge for use of the machinery. The ownership of the machine or any part thereof is entirely immaterial. [28 Cust.Ct. at 606.]

I find the similarities of the *National Tube* case striking and the dissimilarities inconsequential. As here, an attempt was made by the appraising official to incorporate an amount attributable to the tooling in the appraised value. As here, the supplied tooling was made in Canada. As here, the tooling was not incorporated in the imported article but merely utilized in performing the desired work. As here, a charge for the alteration was made which in itself was not placed in dispute but seemingly only deemed unsatisfactory by the appraising official for its failure to include the disputed cost of tooling.

Admittedly, the current statutory language differs somewhat from the language involved in the *National Tube* case. However, the transition from the "value of alteration" to the "value of processing" is a natural one without the intrustion of any new distinctions or meanings and the insights gained from the old language seem equally valid at present.

■■ It seems obvious to me that in introducing the explanatory headnote 2, *supra*, in the tariff schedules, an attempt was being made to clarify the value of processing in light of past experience and law; not to develop a procedure whereby all costs associated with processing are incorporated into the value of the processing. Thus, the headnote definition of the value of processing as the "cost to the importer" I take to mean simply the amount charged by the processor. The immediately following reference to the possible circumstance "if no charge is made * * *" reinforces my view that the previous mention of "cost to the importer" was meant to be the amount charged to the importer.

I have no doubt the headnote could be more clearly phrased but nevertheless its

most straightforward interpretation is that in the absence of extraordinary circumstances, the value of processing is the amount charged for said processing. The primary statutory language is "value of such processing." I take this to mean the value derived in the most limited and straightforward manner possible and not a makeshift version of cost of production. If, indeed, the appraising official does resort to the conventional valuation provisions because of a disbelief in the reasonableness of the charges, he must still utilize those provisions in a manner which correctly expresses the value he is seeking. In this instance the cost of tooling should not enter into the value of processing.

Finally, I fail to see any relevance in whether the tooling was supplied with or without charge to the Canadian processor. Defendant has noted its denial of plaintiff's allegation that the tooling was supplied without charge and asserted that a factual issue which precludes summary judgment is thus raised. However, even if plaintiff did not supply the tooling without charge, I see no way in which this detracts from plaintiff's position on the value of processing. If anything, the fact that plaintiff received income from supplying tooling to the processor would lower the cost to the importer of the processing and justify a lower appraised value.

Both parties have made reference to section 10.8(1) of the United States Customs Regulations which reads as follows:

> *10.8 Articles exported for repairs, alterations, or processing.*
>
> \*     \*     \*.     \*     \*     \*

(1) Collectors shall require at the time of entry a deposit of estimated duties based upon the full cost or fair market value, as the case may be, of the repairs, alterations, or processing. The cost or fair market value, as the case may be, of the repairs, alterations, or processing outside the United States which is to be set forth in the invoice and entry papers as the basis for the assessment of duty under item 806.20 or item 806.30, shall be limited to the cost or value of the repairs, alterations, or processing actually performed abroad and shall not include any of the expenses incurred in this country, whether by way of engineering costs, preparation of plans or specifications, furnishing of tools or equipment for doing the repairs, alterations or processing abroad, or otherwise.

In light of my view concerning the statute and in conformity to the holding in the *National Tube* case, a distinction between tooling expenses incurred in the United States and those incurred outside the United States is unjustified. The regulation of course must conform to the statute, not *vice versa.*

For the reasons set out above, it is hereby

Ordered that defendant's motion for judgment on the pleadings in its favor be, and the same hereby is, denied, and it is further

Ordered that plaintiff's motion for summary judgment be, and the same hereby is, granted and that the proper value of the processing at issue herein is the appraised value less the sum of $49,972.